Filed 8/16/24  Wells v. Newell CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JAMARA ANDREA WELLS, | |
| Plaintiff and Appellant, | E081691 |
| v. | (Super.Ct.No. CVSW2208393) |
| RUBIN NEWELL, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed.

Jamara Andrea Wells, in pro. per., for Plaintiff and Appellant.

Ruben R. Newell, in pro. per.; P & N Law Firm and Pooja Patel for Defendant and Respondent.

Defendant and respondent Ruben Newell, an attorney (Attorney), filed an unlawful detainer action on behalf of his client, CCF Yanis (CCF) and the Narcie J. Ferreira 1998 Trust (the Trust) against plaintiff and appellant Jamara Andrea Wells

1

(Tenant). Tenant then sued Attorney for malicious prosecution. Attorney responded to the malicious prosecution suit with an anti-SLAPP[1] motion. The trial court granted the motion finding that Tenant "failed to meet [her] burden on the malice element." Tenant contends the trial court erred because she demonstrated a probability of prevailing on the element of malice. We affirm.

## FACTS

### A.    NARCIE FERREIRA'S ATTEMPT TO EVICT TENANT

On October 15, 2019, Tenant began renting a residence (the House) from the Trust. Tenant had a month-to-month rental contract. In March 2020 Tenant was furloughed from her job due to the pandemic and she stopped paying rent.

On July 22, 2021, Narcie J. Ferreira (Ferreira) sent Tenant a letter reflecting that the Trust intended to sell the House because (1) Tenant had not paid 25 percent of the rent for several months[2]; (2) Tenant had applied for pandemic-related rent assistance from the government, but none had been granted; and (3) the Trust believed the government would extend renters' rights to not pay full rent. The Trust sent Tenant a 60-day notice of termination of tenancy on a standard California Association of Realtors form.

---

[1] "SLAPP" is an acronym for a strategic lawsuit against public participation.

[2] Twenty-five percent rent payments were the minimum needed from September 1, 2020, to June 30, 2021, to avoid eviction during the pandemic. (Code Civ. Proc., § 1179.03, subds. (c)(4)&(5).)

2

On September 13, 2021, Ferreira emailed Tenant informing her that CCF would become the landlord for the House starting October 1, 2021, and a new lease agreement would be required. In September 2021 the governmental rent assistance program paid the Trust and CCF $17,550 for Tenant's unpaid rent and future rent through November 30, 2021.

On September 22, 2021, Ferreira sent Tenant a letter reflecting CCF had not received a lease application from Tenant. Therefore, Ferreira completed a second 60-day notice of termination of tenancy for Tenant, which provided the tenancy would end on November 30, 2021.

On October 25, 2021, Ferreira, on behalf of CCF, sent Tenant a letter informing Tenant that, due to Tenant's failure to communicate about a new lease agreement with CCF, it was expected that Tenant would vacate the House by November 30, 2021. The letter continued, "CCF YANIS offers you the sum of $1,950.00 if you vacate the [House] and return physical possession to CCF YANIS on or before November 15, 2021. This offer shall unilaterally terminate if not accepted on or before close of business of November 1, 2021."

B.     ATTORNEY'S ATTEMPT TO EVICT TENANT

On November 4, 2021, Attorney sent Tenant a letter (1) notifying her that Attorney was now representing CCF; (2) confirming that Tenant had been served with a 60-day notice of termination of tenancy; and (3) requesting Tenant's confirmation that she would vacate the House by the close of business on November 30, 2021.

On December 6, 2021, Attorney, on behalf of the Trust and CCF, filed an unlawful detainer action against Tenant. In that complaint, it was alleged the lease ended on November 30, 2021, but Tenant had not yet moved out of the House.

On February 10, 2022, Tenant demurred to the unlawful detainer complaint. Tenant contended the 60-day notice of termination of the tenancy was defective because it did not include an offer of money for vacating the House; the 60-day notice was not attached to the complaint; the complaint wrongly reflected the lease was for a fixed term; and it was unclear if the offer of a new lease by CCF constituted a waiver of the 60-day notice of terminating the tenancy. Rather than oppose the demurrer, on February 15, 2022, Attorney voluntarily dismissed the unlawful detainer complaint.

C.      TENANT'S MALICIOUS PROSECUTION COMPLAINT

In December 2022, Tenant sued Attorney. In her malicious prosecution cause of action, Tenant alleged the unlawful detainer case lacked merit, and Attorney "maliciously filed a premature default [in the unlawful detainer case] on January 13, 2022, entered January 20, 2022, but later vacated."

D.      ATTORNEY'S ANTI-SLAPP MOTION

In Attorney's anti-SLAPP motion, he argued, "There was no malice in bringing an unlawful detainer against tenants [who] have not paid rent. This occurs every day in California. The only allegation of malice is taking a default early. At the most this would be considered negligence, which would not be sufficient for a malicious prosecution action."

4

E.       TENANT'S OPPOSITION

In opposition, Tenant contended malice was established by Attorney filing the unlawful detainer action when it lacked merit. Tenant asserted the lack of merit was demonstrated by Attorney dismissing the unlawful detainer action rather than opposing Tenant's demurrer.

F.       ATTORNEY'S REPLY

In responding to Tenant's opposition, Attorney contended that he "relied on his clients' allegations to file and begin the . . . unlawful detainer." Attorney contended malice could not be demonstrated by his reliance on his clients' representations.

G.       RULING

The trial court found Tenant did not have a probability of prevailing on the element of malice. The trial court reasoned, "While there is evidence the [unlawful detainer action] was legally untenable such that it can be inferred [Attorney] failed to adequately research or investigate the facts prior to filing suit, there is insufficient evidence [Attorney] 'knowingly' brought the action without probable cause or evidence of some other improper purpose. . . . In fact, [Tenant] concede[s] [Attorney] voluntarily dismissed the action after the demurrer was filed."

**DISCUSSION**

Tenant contends the trial court erred by finding she did not demonstrate a probability of prevailing on the element of malice.

In anti-SLAPP procedure, when a defendant has demonstrated the plaintiff's lawsuit pertains to the defendant's right of petition in connection with a public issue,

5

then the burden shifts to the plaintiff to establish " 'a probability of prevailing on the claim.' " (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 201 (*Maleti*.)  "To meet this burden . . . 'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Ibid.*)

We apply the de novo standard of review.  " 'We consider "the pleadings, and supporting and opposing affidavits . . . upon which . . . liability . . . is based." (§ 425.16, subd. (b)(2).)  However, we neither "weigh credibility [nor] compare the weight of the evidence.  Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if [he] has defeated that submitted by the plaintiff as a matter of law." ' " (*Maleti*, *supra*, 82 Cal.App.5th at pp. 201-202.)

There are four elements in a malicious prosecution cause of action:  (1) the underlying lawsuit was " 'commenced by or at the direction of the defendant' "; (2) the defendant lacked probable cause when bringing the underlying lawsuit; (3) the defendant initiated the underlying lawsuit with malice; and (4) the plaintiff suffered damage.  (*Maleti*, *supra*, 82 Cal.App.5th at p. 203.)

"The requisite showing of malice 'is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose.' " (*Maleti*, *supra*, 82 Cal.App.5th at p. 222.)  " 'In evaluating the element of malice, its distinction from, and relationship to, the element of lack of probable cause, are important.  The absence of probable cause alone does not establish malice.

6

[Citation.] However, ' "[m]alice may . . . be inferred from the facts establishing lack of probable cause." [Citation.]' [Citations.] The attorney's subjective belief in the tenability of the claim, or the lack of such belief—while irrelevant to probable cause—is 'clearly . . . relevant to the question of malice.' [Citation.] And while '[a]dditional proof of malice can consist of evidence [of] a party *knowingly* bring[ing] an action without probable cause . . . , a corollary to this rule . . . [is that] malice can be inferred when a party *continues* to prosecute an action after becoming aware that the action lacks probable cause.' " (*Id.* at p. 223.)

Tenant asserts evidence of malice can be found in Attorney's anti-SLAPP motion. In particular, Tenant contends, "[Attorney] states that he was justified in prosecuting [the unlawful detainer action] because [Tenant] did not pay rent. [Citation.] In reality, [the unlawful detainer action] was based upon a no-fault reason for eviction via a 60-day notice terminating the tenancy."

Tenant is correct that the unlawful detainer complaint was brought on the basis that the lease terminated effective November 30, 2021, and Tenant did not vacate the House. Thus, Attorney erred in the anti-SLAPP motion by asserting the unlawful detainer action was based upon the non-payment of rent. Attorney's error in drafting the anti-SLAPP motion in April 2023 does not demonstrate malice in bringing the unlawful detainer complaint more than a year earlier in December 2021. The error in the anti-SLAPP motion is just that—an error—it is not evidence of an improper purpose in filing the complaint.

7

Next, Tenant contends malice is demonstrated by Ferreira's July 22, 2021, letter indicating one reason the Trust wanted to sell the House was due to the belief that the California government would "extend the period of non-payment of rent and/or forgiveness of future rent." Tenant contends terminating her tenancy due to anticipated pandemic-related relief for renters demonstrates malice.

Attorney did not draft the July 22, 2021, letter cited by Tenant. That letter was drafted by Ferreira. In the unlawful detainer complaint, which Attorney drafted, the reason given for the unlawful detainer action was that the lease was terminated effective November 30, 2021, and Tenant did not vacate the House. Because Attorney did not draft the letter cited by Tenant, and Attorney did not employ the reasoning cited by Tenant, malice on the part of Attorney is not demonstrated.

Tenant contends that the November 4, 2021, letter drafted by Attorney demonstrates malice because, in that letter, Attorney seeks confirmation that Tenant would comply with the 60-day notice to vacate. Tenant asserts that the letter demonstrates malice because it shows Attorney "had knowledge of the landlord's scheme to evict the tenants for a no-fault reason in retaliation for not paying rent." Attorney's November 4, 2021, letter sought confirmation that Tenant would comply with the 60-day notice terminating the tenancy. The notice was on a standard form with a box checked indicating the notice was based upon the owner's desire to sell the House. There is nothing in the November 4, 2021, letter indicating that Attorney had knowledge of an alleged scheme. Thus, the November 4, 2021, letter does not support a finding of malice.

8

Next, Tenant contends Attorney's declaration fails to indicate what, if any, research Attorney did prior to filing the unlawful detainer action. Tenant contends that filing the action without probable cause demonstrates malice. Attorney's November 4, 2021, letter reflects Attorney researched the fact that Tenant was served a 60-day notice that the tenancy would be terminated effective November 30, 2021. The unlawful detainer complaint was based upon Tenant having been served the 60-day notice and Tenant not having vacated the House by November 30, 2021. Thus, the record reflects Attorney researched the allegations in the unlawful detainer complaint.

In sum, Tenant did not demonstrate a probability of prevailing on the element of malice. The trial court did not err.

## DISPOSITION

The judgment is affirmed. Respondent is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

McKINSTER _____
J.